IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. M-20-361-SM |
| ) | |
| JACOB BAILEY CARY, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTION TO REVOKE
### ORDER OF RELEASE

Before the Court is the United States' Motion to Revoke Magistrate Court's Order of Release [Doc. No. 24], filed pursuant to 18 U.S.C. § 3145(a)(1). The Court must conduct a *de novo* review of the release order issued by United States Magistrate Judge Suzanne Mitchell on August 12, 2020 [Doc. No. 20], and must make an independent determination of whether Defendant should be detained or released on conditions pending trial.

To that end, the Court has reviewed the transcript of the detention hearing held on August 12, 2020 [Doc. No. 27], the Affidavit [Doc. No. 24-1] presented in support of the Criminal Complaint against Defendant [Doc. No. 1], a pleading and judgment from a prior state court criminal case [Doc. Nos. 24-3 and 24-4], and a pretrial services report filed under seal [Doc. No. 28]. In addition to the government's arguments in its brief and at the August 12 hearing, the Court has considered the case record, including an audio recording of a detention hearing held August 5, 2020.

To obtain the detention of Defendant, the government bears the burden to prove "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted). The clear-and-convincing-evidence standard is met if the factfinder has "an abiding conviction" that the "factual contentions are highly probable." *See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal quotation omitted). Pursuant to 18 U.S.C. § 3142(f), the Federal Rules of Evidence "do not apply to the presentation and consideration of information at the hearing."

In determining whether the government has proved that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community, the following factors must be considered pursuant to 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

As pertinent to the application of the § 3142(g) factors, the Court makes the following findings of fact:

1.    Defendant is a 28-year-old citizen of the United States who is a lifetime resident of Oklahoma. He was born in Oklahoma City, Oklahoma, and graduated from high school in Blanchard, Oklahoma. He lives alone in a residence in Oklahoma City, where he has resided under a "rent to own" arrangement for three years.

2.    Defendant has close relationships with immediate family members: his mother, step-father, and sister who reside in Blanchard; and his father who resides in Oklahoma City. He is not married and has no children, but his girlfriend of two years is currently pregnant.

3.    Defendant has maintained employment for the past eight years as a surveyor at Connelly Paving in Oklahoma City; he was laid off recently due to the COVID-19 pandemic. He currently lacks a source of income.

4.    Defendant is in good physical health but has a long substance abuse history (since at least age 20) for which he received inpatient treatment in 2016. He maintained sobriety for approximately one and one-half years, but prior to his detention, he was using heroin and prescription medication (Xanax) on a daily basis.

5. Defendant has a criminal history in state court that includes multiple arrests, primarily on traffic-related offenses, at least one of which resulted in a bench warrant for failure to appear. Defendant received suspended sentences for shoplifting in 2014 and multiple charges in 2016 related to drug trafficking and possessing a weapon. In the latter case, Defendant entered a guilty plea to six counts, including one of possession with intent to distribute heroin, and received 10-year concurrent sentences; he remained under supervision at the time of his arrest in this case. State charges of drug trafficking and being a felon in possession of a firearm were initially filed, but later declined, based on the same conduct underlying this case.

6. Defendant was arrested on July 21, 2020, based on an arrest warrant issued by a magistrate judge and the Criminal Complaint alleging Defendant violated 18 U.S.C. § 922(g)(1) by being a felon in possession of firearms. The allegations against Defendant are stated in the affidavit of a detective with the Oklahoma City Police Department (OCPD) who is also a task force officer assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives and, in that role, investigates firearms offenses. The agent also testified at a detention hearing conducted by Judge Mitchell on August 5, 2020.

7. The information leading to Defendant's arrest resulted from a traffic stop by OCPD in the early morning hours of July 21, 2020. Defendant consented to a search of his person that yielded $3,300 cash and approximately 2 grams of heroin in his socks. A search of the pickup he was driving uncovered a pistol with a loaded magazine located between the driver's seat and the center console and another 15 firearms in the backseat, which included handguns and two AR-15 assault rifles. Also, a box located on top of the

console contained approximately 50 grams of heroin, 22 grams of methamphetamine, and other drugs. Defendant stated that the box belonged to his passenger, and that the guns belonged to his father and he had removed them from his father's house because it had been burglarized.

8.  Defendant has not been charged at this point with any offense other than the felon-in-possession charge under 18 U.S.C. § 922(g)(1), which carries a maximum penalty of 10 years' imprisonment.

The foregoing findings establish that Defendant is accused of a serious felony offense but that he has strong community ties and would benefit from drug abuse treatment. The government's case for detention rests heavily on possible drug trafficking charges that have not been filed and for which no probable cause determination has been made. The Court declines the government's invitation to treat this as a drug trafficking case and to rely on a statutory presumption in favor of detention that would arise under 18 U.S.C. § 3142(e)(3). *See* Pl.'s Mot. at 6-7. On the evidence presented, the Court finds that the government has not shown by clear and convicting evidence that Defendant presents a danger to the community if released.

As to future appearance, the Court finds that the government has shown there is some risk of flight due to the severity of the charge (and other possible charges) in this case and the fact that Defendant was already under suspended state-court sentences at the time of the alleged offense. However, the Court notes the government's primary objection to the recommended plan for Defendant's admission to a residential drug treatment program is that the selected placement, the Community House, "is not a lock-down facility." *See*

5

Pl.'s Mot. at 10; 8/12/20 Hr'g Tr. at 6-7.  Under the circumstances, however, the Court also finds that the conditions imposed by Judge Mitchell – supervision that includes electronic location monitoring and an order for home incarceration – are sufficient to assure Defendant's appearance in the future as required.[1]  The Court finds that home incarceration provides the appropriate restriction and is sufficient to address any risk that Defendant might leave the residential program without permission.  Further, the Court expects Defendant's full and strict compliance with the rules of participation in the treatment program of the Community House and that any instance of noncompliance will receive prompt attention.

For the foregoing reasons, the Court concludes that the government has not met its burden of proof, by a preponderance of the evidence, that Defendant poses a flight risk if released under the conditions set by Judge Mitchell and, by clear and convincing evidence, that Defendant poses a serious risk of danger to the community if released.

IT IS THEREFORE ORDERED that the United States' Motion to Revoke Magistrate Court's Order of Release [Doc. No. 24] is DENIED.  The Order Setting Conditions of Release is modified to impose "Home Incarceration" as a Condition of Release in paragraph (p) and, so modified, is AFFIRMED.

IT IS FURTHER ORDERED that Defendant shall be processed for release and admission to the Community House as expeditiously as possible, but it is the Court's

---

[1] The Court notes that although Judge Mitchell stated at the hearing that she would impose home incarceration, the Order for Release instead indicates home detention.  The Court will order that this clerical error be corrected.

intention that appropriate arrangements will be made for electronic location monitoring to be effected, and for Defendant to be transported directly to the Community House for admission rather than released into the community. Further, any delay in Defendant's admission to the Community House may be addressed by Judge Mitchell in consultation with the Probation Office and counsel for the parties.

    IT IS SO ORDERED this 19th day of August, 2020.

TIMOTHY D. DeGIUSTI  
Chief United States District Judge